*Eastern Dist.*
*June, 1836.*

PALMER
*vs.*
YARBOROUGH.

cause is not expressed in the instrument.

The expectation of deriving advantage from the establishment of a college or literary institution near one's residence, or the desire to promote education and become the patron of letters and such like, when the object is lawful, form a valid consideration to render a contract for the payment of a sum of money binding.

In contracts of beneficence, the intention to confer a benefit, is sufficient consideration.

---

## PALMER *vs.* YARBOROUGH.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE
JUDGE THEREOF PRESIDING.

The judgment of the inferior court is clearly erroneous, when founded on an exception not pleaded in the case by the parties.

In a petitory action or controversy involving title to property, the pendency or judgment in another suit between the same parties, about the same property, in the nature of a possessory action, cannot be pleaded as an exception.

EASTERN DIST.
*June,* 1836.

PALMER
*vs.*
YARBOROUGH.

This is, essentially, a petitory action. The plaintiff alleges he entered into a contract with the defendant in 1831, by which he engaged to convey to the latter a certain tract of land described therein, on a condition precedent that the said defendant should first make a certain road and build a bridge, as mentioned in said contract, before the —— day of July, then next ensuing. He further shows, that the defendant has entirely failed to perform the precedent condition of said agreement, to his damage five hundred dollars; that the defendant took possession and pretended to be the owner of said land under the contract aforesaid, and on being ousted, instituted his possessory action, and obtained judgment of possession against the petitioner, which he is now about executing: wherefore, he prays for an injunction to restrain the defendant's writ of possession, that said contract be annulled and set aside, and that he be maintained in his possession as owner of the land in question, and that he have his said damages and costs adjudged to him.

The defendant pleaded his judgment in a possessory action for this same land, in which he recovered the possession from the present plaintiff, and a writ of possession issued, the same which is enjoined. He prays that the injunction be dissolved, and that he be permitted to take possession in pursuance of his said judgment.

The defendant amended his answer, and pleaded, as a peremptory exception to the action, the judgment in his possessory action in the District Court, which, he alleges, is now (November, 1833,) pending on an appeal to the Supreme Court: wherefore, he prays that the suit be dismissed. See *the case of the Possessory Action, 7 Louisiana Reports,* 153.

The District Judge sustained this exception, and dismissed the plaintiff's petition. He appealed.

*Boyle* and *Turner,* for the plaintiff.

*Andrews,* contra.

*Mathews, J.,* delivered the opinion of the court.

This suit was commenced in the court below, after a judgment had been rendered in a possessory action in the same court, in a suit of Yarborough *vs.* Palmer. That judgment was in favor of the former, and, in the present action, the plaintiff prayed for and obtained an injunction, staying the writ of possession which he apprehended might be issued against him on the judgment which had been rendered as already stated. The injunction was dissolved on the defendant's giving bond and security, as authorized by the 307th article of the Code of Practice. The dispute between those parties relates to a tract or parcel of land, &c. In this case, the allegations of the petitioner, in addition to his prayer for an injunction, involves questions of title to the property in dispute.

The defendant pleaded, exceptions to the fact as it relates to title. The exception first pleaded is the pendency of a suit for the same cause of action in the court before which this was brought. This could not be true, because judgment had been rendered in that suit before the institution of the present. The defendant, however, by leave of the court, amended his answer by pleading the pendency of an appeal in the Supreme Court, in relation to the former suit. The court below dismissed this suit after a hearing on the exceptions, and the plaintiff appealed.

The reasons given for dismissing are not founded on either of the exceptions pleaded by the defendant, but the court, in its opinion, seems to have assumed an exception not pleaded, viz : *res judicata.* The judgment of the lower court is clearly erroneous, being founded solely on an exception not pleaded; and we are of opinion that it cannot be supported by either of the exceptions as they appear in the answer ; not by the first, as it has no foundation in fact, for, at the time of filing it, there was no suit pending in the District Court, judgment having been then already rendered.

The pendency of the appeal we also consider as affording no ground for the dismissal of the present action.

22

EASTERN DIST.
June, 1836.

PALMER
*vs.*
YARBOROUGH.

The judgment of the inferior court is clearly erroneous, when founded solely on an exception not pleaded in the case by the parties.

In a petitory action or controversy, involving title to property, the pendency or judgment in another suit between the same parties, about the same proper-

EASTERN DIST. *June*, 1836.

That appeal was taken from a judgment pronounced in an action, which seems to have been considered and adjudged both in the District and Supreme Courts, as *solely possessory*, and consequently did not involve the questions raised in the present suit. The verdict and judgment of the inferior court in that case, do not touch any dispute between the parties as to title, and a reservation is made in the judgment of the Supreme Court, securing to the defendant and the appellant in that case, the right to maintain the present suit.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided, reversed, and annulled; and, it is further ordered, that this cause be remanded to said court to be tried on its merits, the defendant and appellee to pay the costs of this appeal.